United States Trust Company of New York, Respondent, *v.* William P. Hogencamp, Appellant, and Mary E. C. Roberts et al., Respondents,. Impleaded with Others.

Will — Remainder — When Not Cut Off by Failure of Preceding Estate. Where a testatrix devised and bequeathed the residue of her estate to her executor in trust to pay the income arising therefrom to her husband during his life, and " on his death to turn over one-half of said residuary estate" to a niece of said husband, "to her sole and separate use forever; and should she die before my said husband; then to her children, share and share alike * * *" and the husband and niece died before her death in the order named, it cannot be successfully contended that the children of the niece were given one-half of the residuary estate only upon the condition that their mother died before the husband of the testatrix, and that the niece having survived the said husband, the condition upon which her children were to take never occurred, and that, therefore, the testatrix died intestate as to this half of her residuary estate; since the rule is that where a devise is limited to take effect on a condition annexed to a preceding estate, if the preceding estate should never arise, the remainder over will, nevertheless, take place, the first estate being considered only as a preceding limitation and not as a preceding condition, to give effect to a subsequent limitation; and, hence, in the absence of any provision in the will indicating a different intention, the effect of the deaths, first of the husband and then of his niece, prior to that of testatrix, was to advance the next succeeding estates, so that, upon the death of the niece, her children were substituted in her place, and having survived the testatrix, they are entitled to take in their mother's place.

*U. S. Trust Co.* v. *Hogencamp,* 115 App. Div. 899, affirmed.

(Argued February 21, 1908; decided March 3, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 12, 1906, which affirmed a judgment of Special Term construing the will of Mary E. Campbell, deceased.

The facts, so far as material, are stated in the opinion.

*Louis Marshall, Jerome S. Hess* and *George P. Ferguson* for appellant. Sarah F. Roberts having died during the lifetime of the testatrix, the legacy given to her lapsed. (*Chrys-*

*tie* v. *Phyfe*, 22 Barb. 220; *Bishop* v. *Bishop*, 4 Hill, 138; *Armstrong* v. *Moran*, 1 Bradf. 314; *Vernon* v. *Vernon*, 53 N. Y. 351; *Downing* v. *Marshall*, 23 N. Y. 370; *Matter of Wells*, 113 N. Y. 396; *Matter of Tienken*, 131 N. Y. 391; *Van Buren* v. *Dash*, 30 N. Y. 393; *Thurber* v. *Chambers*, 4 Hun, 725; *Gill* v. *Brower*, 37 N. Y. 549.) The words "To her sole and separate use forever," are words of limitation and not of substitution. (Willard on Exrs. 354; Jarman on Wills, 620; *Hone* v. *Schalck*, 3 N. Y. 538; *Mann* v. *Mann*, 14 Johns. 1; *Cromer* v. *Pinkney*, 3 Barb. Ch. 466; *Sweet* v. *Giesenheimer*, 3 Bradf. 114; *Matter of Chappeaux*, 1 Tucker, 417; *Roberts* v. *Bosworth*, 107 App. Div. 511.) The language used by the testatrix, Mary E. Campbell, being clear, intelligible and unambiguous, there is no reason for applying the rules of construction applicable to ambiguous instruments. (*Jenkins* v. *Van Schuack*, 3 Paige, 242; *Roseboom* v. *Roseboom*, 15 Hun, 315; *Patchen* v. *Patchen*, 121 N. Y. 435; *Fairchild* v. *Edson*, 154 N. Y. 213; *Wager* v. *Wager*, 96 N. Y. 164; *Brown* v. *Quintard*, 177 N. Y. 75; *Wadsworth* v. *Murray*, 161 N. Y. 284; *Fosdick* v. *Delafield*, 2 Redf. 392; *Coltman* v. *Grace*, 112 N. Y. 299; *Baylies* v. *Hamilton*, 36 App. Div. 123; *Myers* v. *Eddy*, 47 Barb. 263.)

*George L. Shearer* for plaintiff, respondent. The bequest to the children of Sarah Frances Roberts did not lapse. (2 R. S. 66, § 52.)

*C. N. Bovee* for Mary C. E. Roberts et al., defendants, respondents. The intention of the testatrix that the children of Mrs. Roberts should take under the residuary clause clearly appears. (*Roe* v. *Vinyut*, 117 N. Y. 212; *Leask* v. *Richards*, 188 N. Y. 291; *Scott* v. *Guernsey*, 48 N. Y. 106; *Trask* v. *Sturges*, 170 N. Y. 482.) The court will look into all the surrounding circumstances to determine the intent of the testatrix. (*Matter of Hoyt*, 160 N. Y. 607; *McLouth* v. *Hunt*, 154 N. Y. 179; *Williams* v. *Jones*, 166 N. Y. 522; *Matter of Miner*, 146 N. Y. 121.) The death of Sarah Frances

Roberts after the husband of testatrix does not defeat the devise to respondents. ( *Williams* v. *Jones,* 166 N. Y. 522; *Matter of Miller,* 161 N. Y. 71; *Wager* v. *Wager,* 96 N. Y. 164; *Ive* v. *King,* 16 Beav. 54; *Hannah* v. *Sims,* 2 DeG. & J. 151; *Norris* v. *Beyea,* 13 N. Y. 273; *Matter of N. Y., L. & W. R. Co.,* 105 N. Y. 89; *Matter of Cramer,* 170 N. Y. 271; *McLean* v. *Freeman,* 70 N. Y. 81.)

Haight, J. This action was brought for an accounting by the executor and for a construction of the will of Mary Eliza Campbell, deceased. The only question presented for the determination of this court is as to the meaning of the third clause of her will, which is as follows:

"All the rest, residue and remainder of my estate, real and personal, of every name and nature, wherever situated and whenever acquired, I give, devise and bequeath to my said executor, to invest, personal care for, and collect rents of realty, and after deducting all proper costs and charges, to pay the net income to my husband, Samuel Campbell, during his natural life, and to pay his suitable funeral expenses, and on his death to turn over one-half of said residuary estate unto Sarah Frances Roberts, wife of James S. Roberts, to her sole and separate use forever; and should she die before my said husband, then to her children, share and share alike. The other half of my said entire residuary estate my said executor shall turn over unto Clara Hogencamp and William Hogencamp, children of my brother, John M. Hogencamp, equally, or should either die before my said husband, then said entire half to the survivor."

Samuel Campbell, the husband of testatrix, died November 8th, 1902. Sarah Frances Roberts died February 12th, 1903, and the testatrix died April 16th, 1904. Sarah Frances Roberts left her surviving as her only children and heirs at law Mary Eliza Campbell Roberts and Annie Frances Roberts, the respondents, defendants.

The trial court found that the daughters of Sarah Frances Roberts, deceased, were entitled to one-half of the residuary

estate of the testatrix and that the defendants Clara Hogen-
camp and William P. Hogencamp were entitled to the other
one-half of said estate. It is now contended that the con-
clusion of the trial court was erroneous, for the reason that
the daughters of Mrs. Roberts were given one-half of the
residuary estate only upon condition that Mrs. Roberts died
before the husband of the testatrix; that she having survived
such husband, the condition upon which her children were to
take never occurred and that, therefore, the testatrix died
intestate as to this half of her residuary estate.

In determining the meaning of the testatrix's will we must
be guided by her intention. Mrs. Roberts was a niece of the
husband of the testatrix and was not, therefore, a blood rela-
tive of hers. At an early age, however, Mrs. Roberts, upon
the death of her mother, was taken into the house of the tes-
tatrix and brought up by her as her own child and lived with
her until the marriage to Mr. Roberts and thereafter they were
frequent visitors back and forth. The testatrix had no chil-
dren of her own. In making her will it is apparent from the
clause in question that her primary purpose was to provide
for her husband. This she did under the supposition that he
would survive her, by providing that her residuary estate
should be given to the United States Trust Company, in trust,
with directions that the rents and income be collected and
paid over to him during his life. The trust created was one
for his life only, and terminated with it. She then provided
for the distribution of her estate by directing that one-half
should be turned over to Mrs. Roberts and the other half to
Clara and William P. Hogencamp; but, anticipating that Mrs.
Roberts might not survive the testatrix's husband, provided
that in case she should die before her husband that then her
children should take her portion share and share alike. What
did she mean by this provision? Did she mean that in case her
husband and Mrs. Roberts should both predecease her that
the children of Mrs. Roberts should be cut off and receive
no portion of her estate? We think not. The rule is that
where a devise is limited to take effect on a condition

annexed to a preceding estate, if the preceding estate should never arise, the remainder over will, nevertheless, take place, the first estate being considered only as a preceding limitation and not as a preceding condition, to give effect to a subsequent limitation. (*Norris* v. *Beyea*, 13 N. Y. 273; *Downing* v. *Marshall*, 23 N. Y. 366; *Wager* v. *Wager*, 96 N. Y. 164, 171; *Williams* v. *Jones*, 166 N. Y. 522.)

The testatrix, as we have seen, first created a preceding estate, during the life of her husband, by which he was to receive the rents and profits, but this estate did not take effect by reason of the fact that he died before the testatrix. The effect of this was to advance the next estate created by the testatrix, which was the giving of one-half to Mrs. Roberts and the other half to the Hogencamps. But Mrs. Roberts also died before the testatrix, so that her estate never took effect. We have then remaining the provision in favor of her children, who were substituted in her place. They survived the testatrix and were empowered to take upon her death. The provision with reference to the death of their mother before that of the testatrix's husband was inserted upon the supposition that her husband would outlive her and that the life estate created for his benefit would take effect. The wording of the provision, under that supposition, is perfectly clear and proper. Upon the termination of the life estate by his death, then one-half of the remainder was given to Mrs. Roberts in case she survived him. But, in case she had previously deceased, then it was given to her children. We do not think that the happening of his death before that of the testatrix, an event evidently not contemplated by her, requires any change in the construction that should be given to the language used or indicates any intent on the part of the testatrix that this portion of her estate should not be turned over to the children of Mrs. Roberts.

The judgment should be affirmed, with costs.

Cullen, Ch. J., Gray, Vann, Werner, Willard Bartlett and Hiscock, JJ., concur.

Judgment affirmed.