In the Matter of the Estate of MARY A. CHRISTIE, Deceased.

Surrogate's Court, Monroe County, November 29, 1927.

Wills — construction — testatrix after making specific bequest to foster sister directed executors pay income upon $500 to said sister for life and that remainder upon said sister's death be paid to her granddaughter — foster sister predeceased testatrix — granddaughter entitled to remainder.

A will by which testatrix gave $500 to her foster sister and also directed that the income upon $500 be paid by her executors to said sister for life, provided that the remainder of such sum be paid upon said sister's death to her granddaughter. In the event of said granddaughter's death prior to that of the testatrix " then such remainder to revert to my estate." The foster sister predeceased testatrix and the granddaughter now claims the residue. Since the only contingency that could defeat the remainder would be the granddaughter's death prior to that of the testatrix, the implication is that if the granddaughter outlived the testatrix, the remainder must be hers.

PROCEEDING to compel the payment of a legacy.

*George D. Forsyth*, for the petitioner.

*H. F. Remington*, for the respondent.

FEELY, S. In this proceeding, to compel the payment of a legacy, it appeared that the above-named testatrix died January 16, 1924, leaving a last will, in the 4th clause of which she provided as follows:

" IV. To my foster sister, Mrs. Charles Gilbert of Auburn, N. Y., I give and bequeath the sum of five hundred dollars ($500.00) and also the income upon five hundred dollars ($500.00) to be paid by my executors to my said sister Mrs. Charles Gilbert for and during the term of her natural life, the remainder of such sum of five hundred dollars ($500.00) to be paid over upon her death to her granddaughter, Ina. May Dickinson of Auburn, N. Y.

" In case said Ina May Dickinson shall not be living at my death, then such remainder to revert to my estate."

It also appeared that the foster sister had died before the testatrix. The residue is now claimed by the granddaughter. The only question presented by counsel on this submission is whether the residue lapsed, as did the legacy of the income. The petitioner claims it did not; and the respondent executors upon the argument asked for time to submit authorities to the effect that both legacies lapsed at the death of the foster sister, the legatee of the income for life; but upon the submission admitted the petitioner was correct in invoking the general rule that " if property be limited upon the

Misc. 774]     Surrogate's Court, Monroe County, November, 1927.

death of one person, to another, by will, and the first donee happened
to predecease the testator, it has been held that the gift over will
take effect notwithstanding the failure, by lapse, of the prior gift.
And this applies whether the gift over of the legacy or share is to
take effect on the death of the prior legatee generally or on the
death under particular circumstances, and whether the legacy is
immediate or in remainder." (28 R. C. L. 337, citing *Robison* v.
*Portland Female Orphan Asylum*, 123 U. S. 702; *Frelinghuysen* v.
*N. Y. Life Ins. & Trust Co.*, 31 R. I. 150; Ann. Cas. 1912B, 237.)

The same publication states elsewhere that " it is the general
rule, but by no means an invariable rule, that where a preceding
estate is made to depend upon a contingency which never happens,
the contingency affects only the estate to which it is annexed and
does not extend to the ulterior limitations; the mere lapsing of
intervening estates will never be allowed to defeat the remainder
over unless they be coupled with conditions upon which the subse-
quent limitations are in some way made to depend." (Citing
*Pennington* v. *Pennington*, 70 Md. 418; 3 L. R. A. 816.)
" * * * It is a question in each case of the reasonable inter-
pretation of the words of the particular will, with a view of
ascertaining through their meaning the testator's intention. If it
appears to have been the testator's intention not to extend the
contingency beyond the estate to which it is annexed it will be
limited to that estate and will not extend to the ulterior limitations.
If, however, the testator seems to have contemplated no distinction
between that estate and those which follow it, the contingency
will equally affect the whole ulterior train of limitations." (23
R. C. L. 554, citing *Robison* v. *Portland Female Orphan Asylum*,
*supra*.)

Our Court of Appeals applied this general rule in 1908 in the
case of *U. S. Trust Co.* v. *Hogencamp* (191 N. Y. 281, 284), citing
four prior cases before the same tribunal.

Whatever debate there might be on the point whether this
testatrix ever actually contemplated the death of her foster sister
before her own, there can be no doubt that she did actually con-
template the possibility of the death of the foster sister's grand-
daughter before her own, and did provide for such case, in the
last sentence of this 4th clause, by saying, in effect, that the
only contingency that could defeat this remainder would be the
death of the remainderman before the death of the testatrix herself;
and the implication of so saying is that if the remainderman
outlived testatrix, the remainder should be hers. Nowhere does
testatrix say that the remainder is to be the granddaughter's if she
survive her grandmother, the foster sister. Favoring the vesting

of remainders, the most the courts will read out of the word " remainder " in this context is " after," rather than " if."

I dare say that even had this last sentence not been appended to this clause, the result would have been the same, under the general rule above quoted. I conclude, therefore, that the petitioner is entitled to this remainder. Interest thereon was waived on the argument.

Let a decree be entered accordingly, providing also for costs to the petitioner in the sum of twenty-five dollars.