Edgar J. Nathan, Jr., J.
This is a proceeding for the settlement of the account of a substituted trustee. The trust having terminated, the court is called upon to construe the trust instrument and to determine who is entitled to the distribution of the remaining trust principal.
By this agreement, dated January 24, 1924, the settlor, Violet Arnold, established a trust, directing that the income be distributed to her for life. Upon her death, the income was payable to her husband, Reginald H. Arnold, for his life if he survived her. In this event, the trust instrument provides: “ Upon the death of said Reginald H. Arnold, if he should survive the party *843 of the first part, the said parties of the second part, their and his successors or successor, are hereby directed to distribute the principal of the Trust herein created to such persons, and in such shares, interests and proportions as the party of the first part shall by her Last Will and Testament designate and appoint, and in default of such appointment, or in case the said party of the first part should die intestate, to distribute and pay over the principal of the trust herein created in equal parts or shares unto J. Victor di Zerega and Eliza di Zerega West; in the event that either should have predeceased the said Reginald Arnold, to pay over the principal of the trust herein created unto the survivor of them, and in the event that both J. Victor di Zerega and Eliza di Zerega West should have predeceased the said Reginald H. Arnold, to distribute and pay over the principal of said trust unto the heirs at law and next of kin of the party of the first part. ” No provision was made in the event the settlor’s husband predecease her, except that in that event she retained the power to revoke the trust.
All of the beneficiaries predeceased the settlor. Reginald H. Arnold, the husband and secondary life tenant, died August 20, 1952. Eliza di Zerega West and J. Victor di Zerega died December 11, 1925 and January 23, 1953, respectively. Mrs. Arnold, the settlor, died testate September 16, 1957. She did not revoke the trust prior to her death. Her will, dated March 9, 1953, did not specifically mention the power of appointment.
Mrs. Arnold’s heirs and next of kin contend that the principal should be distributed to them as vested remaindermen under the trust. They argue that having failed to appoint the remainder of the trust by will, the settlor intended it to pass under the trust instrument and that it should be construed accordingly. This position is also supported by the rule that a devise, limited to take effect upon the termination of a precedent estate, will not be defeated by the lapse of the precedent estate (United States Trust Co. v. Hogencamp, 191 N. Y. 281, 284; Matter of Fordham, 235 N. Y. 384).
The Bank of Nutley, executor under Mrs. Arnold’s will, contends, that no disposition having been made for the distribution of principal if the husband predeceased the settlor, in that event the principal reverted to be disposed of under her will (Real Property Law, § 102). Even if the trust is construed to dispose of the remainder, it claims Mrs. Arnold intended to appoint the principal under her will and the absence of any reference to the power of appointment does not defeat this intention either under the laws of New York or New Jersey, whichever is applicable.
*844 The primary object of the trust was to provide income for the life of the settlor and that of her husband. It was the settlor’s intention to retain control over the ultimate disposition of principal at the termination of the trust. In the event she predeceased her husband, she retained control over the trust principal by reserving a testamentary power of appointment. The remainders limited upon the death of her husband took effect only in default of such appointment or in the event the settlor died intestate. In the event her husband predeceased her, the settlor reserved the power to revoke the trust. There was no need to reserve a power to dispose of the trust principal by will, for by necessary implication she had this power.
The court construes the trust instrument, literally as it is written. The remainders were limited to take effect upon succession in the order named. Upon the death of Reginald Arnold before the death of the settlor, the remainders were cut off. It is unnecessary therefore to consider whether the settlor intended to exercise the power of appointment by her will.
The facts and circumstances surrounding the execution of Mrs. Arnold’s will are consistent with this afore-mentioned construction of the trust instrument. At the time the will was executed in 1953, Reginald Arnold as well as the named remaindermen under the trust had died. Her will failed to mention either the trust or the power of appointment reserved therein. Despite this, the will clearly indicates an intention to dispose of the trust property. The will contains 12 cash legacies totaling $22,500 in addition to a residuary clause dividing the balance of her estate among three charities. It is not disputed that the settlor’s individual estate outside of the trust property was grossly inadequate to cover these legacies, both at the time the will was executed and at her death. These circumstances disclose an intention on the part of the testator to dispose of the trust principal by her will. Such an intent is consistent with the trust instrument as construed by the court and is controlling.
Even were the trust instrument construed as contended by the heirs and next of kin as remaindermen, the result would be the same, as in either instance it is clear that Mrs. Arnold intended to dispose of the trust principal. Under such circumstances, Mrs. Arnold’s will would be an exercise of the power of appointment under the trust agreement, and the absence of any reference to the power of appointment does not defeat this intention either under the laws of New York or New Jersey.
The trust property is therefore payable to the executor under Mrs. Arnold’s will.
Settle decree accordingly forthwith.