S. Samuel Di Falco, S.
In this accounting proceeding the executors present for determination a question involving construction of Clauses Fourteenth and Fifteenth of testatrix’ will executed in 1948.
*393 In Clause Fourteenth, she provided for a trust of $5,000 for the benefit of her nephew William C. Laprese, the income to be paid to him during his lifetime, with power in the trustees to invade principal for his benefit, and the remainder to be paid to the distributees of the testatrix “ then surviving In Clause Fifteenth, the testatrix provided that her residuary estate be divided into 14 equal parts. Two equal parts, thereof, were to be added to the trust set up in Clause Fourteenth for the benefit of William C. Laprese, and were to be disposed of in accordance with the terms and conditions of Clause Fourteenth. The residuary Clause Fifteenth further says: “In the event that any of the residuary legacies hereinabove made shall lapse for any reason, the said share or shares which shall so lapse shall be divided among and between those above named who shall be entitled to my residuary estate at my death in the proportion that the share of each as set forth above bears to the total shares as set forth above exclusive of the lapsed share or shares.”
The testatrix died in 1958 leaving as surviving distributees two nieces and one nephew. William C. Laprese, the income beneficiary named in the above clauses, predeceased the testatrix. The construction question presented for determination is whether the trust created by Clause Fourteenth lapsed, in which event $5,000 and two fourteenths of the residuary under Clause Fifteenth is payable to the residuary legatees; or whether the fact of death of the income beneficiary does not affect the validity of the remainders limited upon his life, and that in such event the remainder is payable among the remaindermen named by the testatrix; to wit, her distributees.
The court finds that the latter conclusion is correct, with which the authorities are in accord without exception (Restatement, Property, § 230; Norris v. Beyea, 13 N. Y. 273; Matter of Fordham, 235 N. Y. 384; Matter of Bostwick, 236 N. Y. 242; Matter of Blumenthal, 124 Misc. 850).
The general rule as set forth in section 230 of the Restatement of the Law of Property is: “ When an attempted prior interest fails because it is, in terms, created to last for a restricted time only, which time has expired at or prior to the time when the conveyance becomes operative, then, in the absence of a manifestation of a contrary intent, the interests limited subsequent to such attempted prior interest take effect as if no such prior interest had been limited in the creating instrument.”
The special guardian for infant residuary legatees, who are not distributees, urges that in this will there is ‘ ‘ manifestation of a contrary intent ”. This intent the court cannot here find.
*394 There is no need for the court to find a gift by implication to the residuary legatees where the will expresses a gift in general or absolute terms to designated persons namely the testatrix’ distributees, where the primary gift is terminated by some unforeseen event. An estate in remainder is not rendered ineffectual by the death of the life tenant during the testator’s lifetime. The remainder takes effect at the testator’s death. A devise limited to take effect upon termination of a precedent estate is not defeated by the lapse of the prior estate. (United States Trust Co. v. Hogencamp, 191 N. Y. 281.)
The intention of the testatrix is clear. She expressly directed that upon the death of the life beneficiary the bequest go to her distributees. No contrary intent may be read into this will by implication. There is much law to the effect that the death of the life tenant before the testatrix does not effect the rights of remaindermen except to accelerate and effectuate the remainder both in vesting and enjoyment at the death of the testatrix. (Matter of Fordham, supra.)
Attorneys ’ fees are fixed and allowed in the amount requested for all services rendered and to be rendered to this estate including the entry of the decree hereon. Allowable disbursements may be taxed upon settlement on notice of a decree on accounting in accordance with this decision.