Harry G. Herman, S.
In this accounting proceeding the question presented relates to provisions for the disposition of a preresiduary trust, the life income beneficiary having predeceased the testatrix. The position of the executor is that this legacy lapsed and passed into the residuary estate. The remainderman contends that there is no lapse and that the remainder is now payable to her.
The pertinent provisions of the will are:
“ third: I give and bequeath out of my estate the sum of two thousand ($2,000.) dollars to jane danielson, a grand-daughter of my sister-in-law, jennie k. landon, in trust, however, to keep the same properly invested during the life of the said jennie k. landon, and to pay out of the income and principal of such trust fund to my said sister-in-law, jennie k. landon, the sum of fifteen ($15.) dollars in each and every month during the lifetime of the said jennie ic. landon, and to pay her funeral expenses; and, after her death, any residue of the said trust fund shall belong absolutely to the said jane danielson.
“ If for any reason the said jane danielson is unable or unwilling to assume such trusteeship, or, having assumed it, shall die or resign before the trust shall end, then and in that event I appoint my husband’s nephew, Stanley b. hazzard, as trustee and remainderman; and if he also cannot or does not accept such trusteeship, then and in that event I appoint my husband’s niece, marguerite hazzard, as such trustee and remainderman. Such trustee shall be permitted to act without giving bond or other security.
1 ‘ fourth : I direct my executor hereinafter named to divide all of the rest, residue and remainder of my estate, including the aforesaid two thousand ($2,000.) dollars bequest in the preceding paragraph hereof if same shall have lapsed, into twenty (20) equal parts and I give and bequeath the same as follows:
“ Two (2) shares to marguerite hazzard, two (2) shares to STANLEY B. HAZZARD * * * two (2) shares to JANE DANIELSON
íf Í
‘ ‘ fifth : If any of the legatees named in the preceding paragraph of this will shall predecease me, I give and bequeath such lapsed legacies to the first baptist church of white plains, New York.”
Jennie K. Landon, the trust beneficiary, predeceased the testatrix, who was survived, however, by Jane Danielson, Stanley B. Hazzard and Marguerite Hazzard.
*555 The general rule is set forth in section 230 of the Restatement of the Law of Property (1936): “When an attempted prior interest fails because it is, in terms, created to last for a restricted time only, which time has expired at or prior to the time when the conveyance becomes operative, then, in the absence of a manifestation of a contrary intent, the interests limited subsequent to such attempted prior interest take effect as if no such prior interest had been limited in the creating instrument.” (Emphasis supplied.)
The expired attempted prior interest may have been a beneficial life interest under a trust, where the beneficiary is already dead (Keefe v. Keefe, 230 App. Div. 654, affd. 257 N. Y. 604 [1931]; Matter of Knochel, 155 N. Y. S. 2d 630).
The general rule, in giving effect to the succeeding interest following the expired attempted prior interest, prefers a construction of the provisions of the will as setting forth the testator’s expectations as to the successive enjoyments of his bounty. It rejects a construction that the testator intended to make the prior interest’s existence a condition precedent of the succeeding interest (2 Powell, Real Property [1950], par. 308).
Jane Danielson relies on this rule and claims the $2,000 article “ third ” legacy. If the rule applies, it is undisputed that the legacy is payable to her (United States Trust Co. v. Hogencamp, 191 N. Y. 281 [1908]; Matter of Farley, 105 N. Y. S. 2d 732; Matter of Thompson, 107 N. Y. S. 2d 405).
The executor, however, asserts that an intent, contrary to the general rule, is manifested in the will. Its first contention is that by providing in the residuary clause: “ if same shall have lapsed ”, since Jane Danielson and the two alternate trustee remaindermen each take two shares, the testatrix could only have meant by “ lapse ” the death of the life income beneficiary alone; and that if the testatrix meant by “ lapse ” the deaths of both the life income beneficiary and Jane Danielson, she would not have included Jane Danielson as a beneficiary of the residuary estate. However, this ignores the fact that had Jane Danielson or any other residuary legatee predeceased the testatrix, such share of the residuary estate would pass to the charity designated in article ‘1 fifth ’ ’.
It is the duty of the court in this construction proceeding to ascertain the intention of the testatrix, as expressed in the will, and that intention, when ascertained, must prevail (Matter of Larkin, 9 N Y 2d 88 [1961]). The rule in section 230 of the Restatement of Property (1936) (supra) will not be followed when a contrary intention on the part of the testatrix has been demonstrated (Matter of Kennedy, 29 Misc 2d 392).
*556 The executor also points to the language of article “third ”, in that Jane Danielson was not merely given a remainder following a life estate, with provisions for alternate remaindermen if she predeceased the testatrix, as was the case in Matter of Christie (130 Misc. 774).
By the provisions of the will it was the apparent intention of the testatrix that the remainder was not to become payable to one who did not serve as a trustee. The will provides that if Jane were 1 ‘ unable or unwilling to assume such trusteeship, or having assumed it, shall die or resign before the trust shall end ”, the remainder would not be payable to her but to Stanley B. Hazzard who was to serve as trustee. Furthermore, if Stanley B. Hazzard “ cannot or does not accept such trusteeship ”, Marguerite Hazzard was named as ‘ ‘ such trustee and remainderman ’ \
The provisions are construed as a condition precedent by the creation of which an intention contrary to the rule in section 230 of the Restatement of Property (1936) (supra) has been manifested.
Accordingly, it is held that the intention of the testatrix was that the article “ third ” legacy lapse and pass into the residuary estate in the event that she was not survived by Jennie K. Landon.