Harry G. Herman, S.
The questions presented in this proceeding by the sole surviving trustee to settle her intermediate accounts are: (1) whether the remainder interest of testator’s grandson in the article “tenth (a) ” trust was divested by the grandson’s predeceasing the life tenant of the trust; and (2) whether the grandson validly exercised the power of appointment conferred by article “ tenth (c) ” of the will of the testator.
The testator died on January 27, 1933. His will, dated April 17, 1929, and three codicils thereto not pertinent herein, were admitted to probate by this court on February 9,1933, and letters of trusteeship thereunder were issued on April 21, 1933.
Under article “tenth (a) ” of his will, the testator gave 75% of his residuary estate to his trustees to invest and reinvest and to pay the net income therefrom to his wife Fanny, The will provides that upon Fanny’s death the trustees “ shall transfer and pay over ” from principal $150,000' to testator’s daughter, Jean Rolston Peacock, and $150,000 to her son, Alexander R. Peacock, absolutely. The balance of principal was to be held in further trust with the net income to be paid to the daughter for life. The testator then directed: “Upon the death of my said daughter my said surviving Trustee shall transfer and pay over the principal of the said trust fund unto my grandson, Alexander R. Peacock, absolutely and free from any trust.”
Article “ tenth (a) ” of the will further provided that: (1) if Jean were to predecease Fanny, on Fanny’s death the net income be paid to Alexander for life, and on his death, the principal be paid to Alexander’s issue living at the time of his death, per stirpes; and (2) if Jean were to predecease Fanny “ and not *300 leave any issue who shall he living at the time of my said wife’s death”, $25,000 be paid to each of seven charities and the balance divided among five named nephews and nieces or their issue.
The testator’s wife, Fanny, died on July 24, 1940, survived by both Jean and Alexander, so that the latter two provisions never became operative. Alexander died on June 29, 1963, survived by Jean, the current trust life income beneficiary. The question arises as to whether the remainder is now indefeasibly vested in Alexander.
The testator’s nephews and nieces, relying on Matter of Selner (261 App. Div. 618, affd. 287 N. Y. 664 [1941]), urge that since the testator provided for gifts to charity and to them if Jean were not survived by issue and predeceased Fanny, such gifts should be given effect by implication, even though the condition of Jean predeceasing Fanny did not occur.
The gift by implication in the Seiner case, as this court noted in Matter of Thall (41 Misc 2d 1086, 1091-1092) was implied to avoid intestacy, the residuary estate in Seiner being disposed of only if the life tenant predeceased the testator, whereas she survived him. The Court of Appeals in Matter of Englis (2 N Y 2d 395, 402 [1957]), in rejecting a gift by implication, notwithstanding the resulting intestacy, limited Seiner, commenting: “ We think that was a rare and exceptional case.”
The decision of this court in Matter of Nield (42 Misc 2d 1010) finding a gift by implication, also avoided an intestacy.
Keeping in mind that it is the duty of the court in construing the will to ascertain the intention of the testator, and that his intention, when ascertained, must prevail (Matter of Horton, 40 Misc 2d 553, 555; Matter of Thall, supra, p. 1088), it is apparent that, in the instant case, the finding of a gift by implication to avoid an intestacy is unnecessary.
It is hornbook law that the interest created in the testator’s grandson, Alexander, at the death of the testator was a remainder vested subject to complete defeasance by either of two executory interests (see 1 Restatement, Property [1936], § 25; 2 Restatement, Property [1936], §§ 157, 158; 2 Powell, Real Property [1950], par. 277, pp. 471-474, par. 279, pp. 476-478). Each executory interest is a supplanting limitation (see 3 Restatement, Property [1940], §§ 253, 254; 2 Powell, Real Property, par. 330, pp. 728-731).
The two supplanting limitations created under article ‘ ‘ tenth (a) ” of the will cannot become effective, since Jean survived Fanny. Since the divesting limitations can never occur, the prior interest of Alexander, on Fanny’s death, became inde *301 feasible (3 Restatement, Property, § 254; Matter of Krooss, 302 N. Y. 424 [1951]; Matter of Campbell, 307 N. Y. 29 [1954]). As Judge Fuld said in Matter of Campbell (p. 33): “ [A] construction which renders a vested remainder defeasible will be restricted to the exact circumstances specified.”
Further indications that the testator did not intend to impose a requirement of survival upon Alexander’s interest arc found in (1) the identification of an existing person by name (i.e., Alexander) as the intended taker of such interest (3 Restatement, Property, § 256; 2 Powell, Real Property, par. 331, pp. 732, 734); (2) the absence of any condition of survivorship in the initial provision for disposition of the remainder in favor of Alexander; and (3) the direction that such payment or transfer was to be made “ absolutely ”.
These provisions indicate only that postponement of enjoyment, rather than postponement of vesting or making survival of the life tenant a condition precedent to vesting, was intended (Matter of Campbell, supra).
The next question relates to the validity of the exercise of a power of appointment. Under article “tenth (c) ” of the will the testator gave 5% of his residuary estate to his trustees to invest and reinvest and to pay the net income to Alexander for life, and upon his death to transfer and pay over the principal “ unto such persons and corporations and in such proportions and amounts ” as Alexander shall appoint by will. -In default of the exercise of the power of appointment, principal was to be paid to Alexander’s issue alive at his death, per stirpes.
As noted above, Alexander died on June 29, 1963. His will, dated December 2, 1960, and two codicils were admitted to probate on December 13, 1963. Under article “IV” thereof Alexander expressly exercised the power of appointment created under article “ tenth (c) ” of the will of Louis B. Rolston, and directed that the property subject to it be added to his residuary estate. Under articles “ VIII ” and “ IX ” of Alexander’s will, as amended by his second codicil, his residuary estate was given to his trustees to invest and reinvest and pay the net income therefrom to his mother (Jean) for her life; on her death the trustees were directed to continue to hold the principal in a perpetual trust for charitable purposes with income to be paid to 14 designated corporations in such amounts as determined by the trustees.
It is the contention of the petitioner that the exercise of the power of appointment was valid. It is clear that invalidity was not incurred merely because Alexander appointed in further *302 trust. Where the power of appointment is not limited to outright dispositions, it includes a power to appoint a lesser estate (3 Restatement, Property, § 357; Matter of Jackson, 175 Misc. 882, 891, affd. 262 App. Div, 997, mot. for lv. to app. den. 287 N. Y. 854; Matter of Wildenburg, 174 Misc. 503). Nor was the power of alienation suspended for longer than the permitted period, inasmuch as the aggregate period of suspension did not exceed two lives in being at the death of the donor of the power (the life of Alexander and that of his mother), plus the duration of the trust for charitable purposes, to which the Rule against Perpetuities does not apply.
Invalidity would not attach by reason of the appointment in favor of charitable corporations (cf. Matter of Frasch, 245 N. Y. 174 [1927]).
Accordingly, it is held that the power of appointment was validly exercised.
On page 13 of the memorandum of law submitted on behalf of the testator’s nephews and nieces a construction of article “ tenth (b) ” of the will is requested. These respondents, however, filed no cross petition requesting this relief, and no such construction was requested by the petitioners herein.
The court will not determine abstract or academic questions (Matter of Mount, 185 N. Y. 162 [1906]; Looram v. Looram, 269 N. Y. 296 [1936]).
The question as to the disposition of the remainder under article “tenth (b) ” of the will is presently academic. The construction requested relates to the disposition of the remainder on the death of a daughter of testator without issue. Such daughter is still alive and the possibility of issue still exists.
The court has not entertained an application for such a construction and no citation has issued to the persons interested in this question. Nor is any such construction necessary in order to settle the account of the trustee.
It appearing that the sole surviving trustee is the sole income beneficiary of the trusts under subdivisions a, b and c of article ' ‘ tenth ’ ’ of the will, letters of trusteeship will be issued to the United States Trust Company as cotrustee of said trusts.
The request that the funds constituting the principal of the three trusts created under article “tenth” of the will, now being administered in solido as a consolidated fund, be administered as three separate funds is granted. Settle intermediate decree.