William J. Regan, S.
Amelia W. Moffat died in the City of Buffalo on or about July 30, 1949, and her will was probated in this court on August 5, 1949.
Article third of the last will and testament of Amelia Moffat establishes a trust for the benefit of her adopted daughter, Mildred Moffat. The net income of the trust is payable to Mildred Moffat for life, and, upon her death, testatrix gave, devised and bequeathed the property 11 then constituting the said trust fund unto such person or persons and in such proportions as shall have been provided in and by the terms of the last will and testament duly executed, of the said Mildred Moffat ”. The will then makes appropriate provision for a gift over in the event of default of the exercise of this power of appointment.
Mildred Moffat died on May 7, 1965. Her last will and testament was duly admitted to probate by a decree of this court dated June 17, 1965. Article tentt-i of her will provides:
*137 ‘ ‘ tenth : All the rest, residue and remainder of my property and estate, both real and personal, of every kind and character and wheresoever situated, including any and all property as to which I shall at my death have a power of appointment by will, I give, devise, bequeath and appoint, as follows:
“ A. I give, devise, bequeath and appoint one-half (½) thereof to the said Alice mary mg mahon or, in case she shall not survive me, to her daughter, Alice mary mo mahon, jr.
“ B. The remaining one-half (½) of my said residuary estate, or the whole thereof in the event that neither the said Alice Mary McMahon nor the said Alice Mary McMahon, Jr. shall survive me, I give, devise, bequeath and appoint, as follows:
“ (a) I give and bequeath therefrom the following sums:
“ The sum of One Thousand Dollars ($1,000) to erances krauss, of Buffalo, New York;
“ The sum of Two Thousand Dollars ($2,000) to alice freitais, of Buffalo, New York;
“ The sum of One Thousand Dollars ($1,000) to the said
ANNAEELLE CUTLER;
“ The sum of One Thousand Dollars ($1,000) to the said
CLARA KAMRATH;
“ The sum of Five Hundred Dollars ($500) to james habitch, of Buffalo, New York;
“ The sum of One Thousand Dollars ($1,000) to erie county SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS;
“ (b) I give and bequeath the sum of Five Thousand Dollars ($5,000) to THE MARINE TRUST COMPANY OF WESTERN NEW YORK, US Trustee, in trust for the uses and purposes and upon the terms contained in the Resolution and Declaration of Trust creating The Buffalo Foundation, as amended, adopted by the Board of Directors of said Trustee, copies of which were filed in the offices of the Secretary of the State of New York and the Clerk of Erie County, New York, pursuant to the provisions of Chapters 622 and 623 of the laws of 1926, and I request that the income thereof be used to assist worthy students of music who are in need of financial aid in attending the school conducted by Community Music School of Buffalo, Inc.
‘ ‘ I will and direct that said Trustee shall have full power aud authority to invest and reinvest the said sum in such securities and other property as to it shall from time to time seem advisable and proper, and that said Trustee shall not be limited to such investments and reinvestments as are authorized by law for the investment of trust funds.
*138 “ (c) The balance of said portion or of the whole, of my residuary estate, after the payment of the aforesaid cash bequests in full without any reduction thereof on account of estate or other death taxes payable in respect to my estate, I give, devise, bequeath and appoint, in equal shares, to the CHARITY FOUNDATION OF THE PROTESTANT EPISCOPAL CHURCH IN THE DIOCESE OF WESTERN NEW YORK aild. THE CRIPPLED CHILDREN’S GUILD OF BUFFALO, INC. ’ ’
This is an application by the Marine Midland Trust Company of Western New York, the trustee, for settlement of the final account of its proceeding’s, inasmuch as the trust for Mildred Moffat terminated on the date of her death, Mildred Moffat left her surviving no husband and no issue.
In its petition the trustee requests a determination as to the validity of the exercise of the power of appointment and as to the person or persons entitled to receive the property remaining in its hands as such trustee.
Although the funds in question have come through the trust for the benefit of Amelia W. Moffat and then through the trust for the benefit of Mildred Moffat, the court believes it is clear that invalidity is not incurred merely because part of the appointive fund may be placed in trust for the Buffalo Foundation, pursuant to article tenth (subd. B, par. [b]). (Matter of Rolston, 44 Misc 2d 298.) Accordingly it is held that the power of appointment was validly exercised.
With respect to the second point to be determined, the court is of the opinion that the exercise of the power by the donee, Mildred Moffat, works a merger of the appointive property with the individual property of the donee. Although the general rule is that the appointive power forms no part of the donee’s estate but passes under the instrument creating the power directly to the appointee, still a donee of a general unrestricted power of appointment as here may, nevertheless, validly provide by his will that .the appointive property merge with and be administered as part of his individual estate. (Matter of Colley, 134 N. Y. S. 2d 99; Matter of Fuller, 131 N. Y. S. 2d 402.)
In the instant ease the donee made specific reference to the power of appointment in article tenth of her will in such a manner as to leave no doubt that she not only intended to exercise the power of appointment but also to merge the appointive fund with her individual estate.
Accordingly, it is held that in exercising the power of appointment by her will Mildred Moffat effected, as between the property subject to such power and her individual estate, a complete merger. Consequently, the decree herein shall provide *139 that the power of appointment was validly exercised and that the property subject to the power of appointment be distributed to the Marine Midland Trust Company of Western New York as executor of the last will and testament of Mildred Moffat.
Inasmuch as the will of Amelia Moffat contains no direction against apportionment of the income of the trust upon the death of the life income beneficiary, any income of the trust which accumulated and accrued after May 7, 1965, the date of Mildred Moffat’s death, shall be included in the property subject to the power of appointment; whereas the income of the trust accumulated and accrued prior to May 7, 1965 shall be payable to the executor of the estate of Mildred Moffat directly.