John D. Bennett, S.
The court is asked to construe paragraph “Ninth” and particularly subdivision “ (B) ” thereof in the decedent’s will:
‘1 ninth : All the rest, residue and remainder of my property and estate * * * I give, devise and bequeath to the Trustees hereinafter named and designated, In Trust, nevertheless, to invest * * * and to divide the corpus or principal of said residuary estate into two (2) equal shares or parts, and to hold one of such shares or parts as a separate trust fund for the benefit of my grandson, paúl guttmann, and to hold the other such share or part as a separate trust fund for the benefit of my granddaughter, susan guttmann, and to deal with the said trust funds as follows:
“ (A) I direct said Trustees to pay to my grandson, paul guttman, the net income of the aforesaid trust fund held for his benefit, and to pay or transfer to him the principal or corpus of said trust fund in four (4) approximately equal parts or installments * * * and the balance of the principal or corpus of said trust fund shall be paid or transferred to him when he shall attain the age of 40 years.
‘ ‘ In the event that my said grandson shall die before he shall attain the age of 40 years, the balance of the principal or corpus *916 of the said trust fund held for his benefit shall be paid or transferred upon his death to his issue him surviving, equally, and if he shall leave him surviving no issue, the same shall be paid to his legatees as he may by his Will direct, or if he shall die intestate, then to his distributees as provided by law in case of intestacy.
“ (B) I direct said Trustees to pay to my granddaughter, susan guttman, the net income of the aforesaid trust fund held for her benefit, during her natural life, and upon her death to pay or transfer the principal or corpus thereof to her descendants equally, per stirpes, and if she shall leave her surviving no descendants, to pay or transfer the same to her legatees as she may by her Will direct, or if she shall die intestate, then to her distributees as provided by law in case of intestacy.”
Paul Guttmann survived the testator, but Susan G-uttmann died several months before the decedent, intestate, at the age of 16 years, unmarried and without issue. Susan’s sole distributee was her mother, Celia Guttmann.
Although their interests are in conflict on this construction question, Paul G-uttmann and his mother, Celia G-uttmann, are represented herein by the same firm of attorneys, having requested said attorneys to take no adversary position between them on the question, leaving the matter entirely to the decision of the court. Accordingly their attorneys have not briefed the law or presented any argument.
The petitioner is the sole surviving executor of and trustee under the will, and counsel has briefed the law as he sees it, taking the affirmative position that the testator died intestate as to the second half of the trust estate under paragraph “ (B) ” quoted above. The consequence, as argued, would be that grandson Paul would inherit that half of the residuary estate as the only surviving descendant of the testator. This argument is predicated upon a number of cases cited and statements made in volume 6 of the Revised Treatise of Page, Law of Wills (§ 50.3). These hold, in effect, that: “A gift in trust lapses upon the death of the beneficiary before the death of testator.” Counsel reasons that since the trust estate fails the remainders, contingent or otherwise, likewise fall.
The conclusion of the court is to the contrary, for this case comes precisely within the rule set forth in Matter of Fordham (235 N. Y. 384, 387-388), where it was held that: “ An ulterior limitation ‘ upon ’ the death of another who is given an estate for life, will not, in general, be defeated by the lapse of the particular estate through the death of the life tenant before the will can take effect. This is so though the language of the *917 gift, if literally construed, may make the remainder contingent upon succession in the order named (U. S. Trust Co. v. Hogencamp, 191 N. Y. 281; Williams v. Jones, 166 N. Y. 522, 536; Norris v. Beyea, 13 N. Y. 273, 287; 2 Jarman on Wills [6th English ed.], p. 1373). The gift before us is to be read in submission to that rule. When the testatrix said that ‘ upon ’ the death of Allan, the residuary estate was to go to the members of a class, she certainly did not mean that it was to go to them 1 upon ’ his death, if his death occurred before her own. She understood that her will would take effect when she died, and not before. ‘ Upon the death of Allan’ meant, therefore, upon the termination of the life estate bequeathed to Allan. If he died during her lifetime, the remainders would be accelerated; they would not be destroyed. For this, the authorities are uniform and ample (U. S. Trust Co. v. Hogencamp, supra; Williams v. Jones, supra; Norris v. Beyea, supra; Wager v. Wager, 96 N. Y. 164).”
In the will now before this court the ulterior limitations to take effect upon Susan’s death are clearly expressed and it would be repugnant to declare that the decedent died intestate as to that half of his residuary estate. (7 Warren’s Heaton, Surrogates’ Courts [6th ed.], §§ 16 and 23.)
It might also be observed that the clearly expressed intention of the testator is to divide his residuary estate into two separate and equal parts, only one of which he desired should go to Paul or his issue, legatees or distributees. The same scheme applied as to Susan and her issue, legatees, or distributees. Clearly, each was to get one half and no more. In this case there is no valid reason to augment Paul’s share of the residue and remainder, for an affirmative intent to the contrary is expressed which governs.
Settle decree in accordance with this decision on five days’ notice, with three additional days if service is made by mail, providing for distribution of trust “ (B) ” of paragraph “ Ninth ” to Celia Gfuttman as a remainder which vested in her on February 10,1963, the date of the testator’s death.