13 N.Y.2d 194 (1963)
In the Matter of The Estate of Frederick A. Collins, Deceased. Frederick A. Collins, Jr., et al., Individually and as Executors of Frederick A. Collins, Deceased, Appellants-Respondents; Lucia B. Collins, Respondent-Appellant.
Court of Appeals of the State of New York.
Argued September 30, 1963.
Decided November 21, 1963.
Philip Feldman, M. James Spitzer and Robert S. Levy for appellants-respondents.
Philip Handelman and Robert M. Trien for respondent-appellant.
Chief Judge DESMOND and Judges FULD, BURKE, FOSTER and SCILEPPI concur with Judge DYE; Judge VAN VOORHIS dissents in a separate opinion.
*197 DYE, J.
For purposes of this appeal it is settled that the respondent-appellant, Lucia Baldwin Collins, was lawfully married to the decedent at the time of his death; that she is entitled to a $1,000 exemption (Surrogate's Ct. Act, § 200); that as his widow she had the right to take a statutory share of decedent's estate as in intestacy but that having failed to file a timely notice of election to take is now barred from so doing (Decedent Estate Law, § 18; Matter of Collins, 12 A D 2d 307, mot. for lv. to app. den. 13 A D 2d 653, app. dsmd. 9 N Y 2d 902). What remains for decision at this time is whether her failure to exercise her statutory right of election also bars her from claiming a testamentary share under the provisions of decedent's last will and testament. We think she may. The will provides as follows: "SECOND: In the event that LUCIA BALDWIN COLLINS survives me and in the event that it be determined that she has a right of election against or in absence of testamentary provision for her benefit in this my last Will and Testament, which I believe is not the case, and only in such events, I give, devise and bequeath to my Executors hereinafter named an amount equal to her share of my estate as in intestacy, as defined in Section 18 of the Decedent Estate Law, IN TRUST, nevertheless".
The courts below have construed the language used and the reference to section 18 as not only establishing "the quantum of the estate which the widow might receive, but also to condition its availability upon compliance with the statutory requirements". As we read the controverted provision, it seems clear that the decedent intended to give respondent-appellant a life estate measured by a statutory share as in intestacy if, but only if, "it be determined that she has a right of election against or in absence of testamentary provision for her benefit". When, in this connection, the testator used the words "which I believe is not the case", it seems clear that (1) he did not regard the respondent as his lawful wife, but (2), if she were, *198 he gave her "an amount equal to her share of my estate as in intestacy, as defined in Section 18 of the Decedent Estate Law, IN TRUST, nevertheless".
While it would be easy to say that this testator was so embittered with the respondent-appellant that he did not want her to share in his estate, he nonetheless recognized that if their marriage was held to be lawful then his estate would be automatically burdened for her benefit to the extent that the law allowed a widow to share. It was with this in mind that he drew his will as he did with the quite obvious intention of reducing respondent-appellant's share as a widow to a statutory minimum. This  like any other problem of testamentary intent  must be resolved by giving effect to the will as it is written. As we read the language, it does not say that the bequest was conditioned on a determination that she had exercised her right of election but, rather, that the bequest was conditioned on a determination "that she has a right of election". There is, of course, an obvious and crucial difference between having a right and exercising that right. Indeed, the statute itself quite explicitly makes a distinction between the "right of election" and the exercise of the right of election for it provides that "a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section" (§ 18, subd. 1) and the cases consistently hold that a spouse who has failed to "exercise" her "right of election", as directed by the statute, is barred from taking against or in the absence of a testamentary provision (Matter of Brookes, 9 N Y 2d 840, affg. 9 A D 2d 927; Matter of Picone, 199 Misc. 1039, affd. 279 App. Div. 787). To say  as a majority in the Appellate Division have said  that testator intended that respondent-appellant would not receive the bequest unless she had exercised her right of election is to ignore the very words chosen by the testator. In fact, the majority in the Appellate Division read into the will a condition (exercise of the right of election) of which there is in said will absolutely no indication. Such a construction would have the anomalous effect of depriving the widow of any interest in the decedent's estate whatsoever. As we know, provisions in wills tending to defeat estates are construed strictly, and are not so interpreted as to work a *199 forfeiture unless the testator's overriding intention is unmistakably clear (Robinson v. Martin, 200 N.Y. 159, 167-168; Matter of Rosenthal, 307 N.Y. 715; Matter of Campbell, 307 N.Y. 29; 5 Page, Wills [Bowe-Parker rev.], § 44.3). Here, there is no doubt to resolve. The testator could have conditioned the bequest on respondent-appellant's exercise of her right of election. But since he chose to condition that bequest solely on the determination that respondent-appellant have a right of election, the courts must enforce the will as written.
The circumstance that respondent-appellant did not actually exercise her right of election precludes her from taking against the will but does not defeat her rights under the will (see Matter of Uhlfelder, 12 N Y 2d 965; Matter of Fischer, 307 N.Y. 149; Matter of Halpern, 303 N.Y. 33; Matter of Clark, 275 N.Y. 1).
Having met the requirements set forth by the testator in his will, respondent-appellant is entitled to take under the second paragraph of the will.
Clearly, it is within the discretion of the Surrogate to allow or refuse to allow counsel fees (Surrogate's Ct. Act, § 278). Nevertheless, in view of the fact that we are modifying the order appealed from, respondent-appellant's attorney ought to be able to make a new application for counsel fees when the Surrogate enters a decree conforming with our opinion herein.
The order appealed from should be modified so as to provide that the widow's failure to file an election to take against the will pursuant to section 18 of the Decedent Estate Law does not bar her from taking a testamentary share as provided in decedent's last will and testament, and the order, as so modified, is otherwise affirmed, with costs in this court and in the Appellate Division to all parties payable out of the estate.
VAN VOORHIS, J. (dissenting).
The question upon this appeal is whether testator intended to give anything to his estranged, alleged widow unless she succeeded in establishing her right to take against the will under section 18 of the Decedent Estate Law. It is undisputed that she failed to make a legal election to take against the will under that section. Therefore, she is entitled to nothing unless the will makes provision for her. The controlling language reads as follows: "In the event that LUCIA BALDWIN COLLINS survives me and in the event that it be *200 determined that she has a right of election against or in absence of testamentary provision for her benefit in this my last Will and Testament, which I believe is not the case, and only in such events, I give, devise and bequeath to my Executors hereinafter named an amount equal to her share of my estate as in intestacy, as defined in Section 18 of the Decedent Estate Law, IN TRUST, nevertheless," etc.
Obviously it had to be established that she was his widow to entitle her to any right of election, but that was not all that the testator had in mind. The language which has been quoted, although obscure at first glance, is really plain in its meaning. It manifests a clear intention to give to her as little as possible under the law. She gets nothing under the will unless "it be determined that she has a right of election against" the will. The normal manner in which it would be determined that she has a right of election would be through her filing her notice of election under section 18. If she succeeded in making a valid election to take against the will, one would suppose that what she would get would be her intestate share under section 18, and not anything given to her in the will. Evidently the testator had in mind that if it were determined by the Surrogate's Court that she has a right of election, then and only then would she be entitled to receive under the will what is given to her in trust. Testator's object in creating the trust was not to give her more than she would be entitled to take against the will, but less. That is to say, her intestate share, if it were established that she was entitled to take it under section 18, would be curtailed by putting it in trust making a gift to her of only the irreducible minimum, and then only on condition that she established her right of election. It is quite possible that a contingent gift of this nature might be void; it may very well be that a testator could not condition the creation of a trust on the establishment of a right of election to take an intestate share. Quite possibly if this woman had established her right of election to take against the will, she would have received outright her intestate share, without its being placed in trust, inasmuch as the language makes clear that there was no intention to create any trust unless she were entitled to her intestate share. The question here does not concern whether the trust would have been enforcible, instead of her taking her intestate *201 share outright, if she had validly filed her notice of election under section 18. She has been defeated for the reason that she did not file it, and that, in that event, the testator intended to give her nothing. The language of the will does not say that she shall take a trust if it be established that she is his lawful widow. It says that she shall take nothing unless "it be determined that she has a right of election". The construction is strained, it seems to me, that this language meant that she was to receive her intestate share in trust if it were to be held that she had the right of election to take against the will but did not exercise it. If she failed to exercise it, then the Appellate Division was correct in holding that the testator intended to give her nothing under the will. A matrimonial action was pending when he made the will, husband and wife had become embittered against each other, and I find no support for any idea that he intended to make a gift to her, even in trust, unless her right to take against the will was established in the usual normal way, by her filing a notice within the time limited by statute and getting it established.
The order should be affirmed.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs in this court and in the Appellate Division to all parties payable out of the estate.