Dye, J.
For purposes of this appeal it is settled that the respondent-appellant, Lucia Baldwin Collins, was lawfully married to the decedent at the time of his death; that she is entitled to a $1,000 exemption (Surrogate’s Ct. Act, § 200); that as his Avidow she had the right to take a statutory share of decedent’s estate as in intestacy but that having failed to file a timely notice of election to take is now barred from so doing (Decedent Estate Law, § 18; Matter of Collins, 12 A D 2d 307, mot. for lv. to app. den. 13 A D 2d 653, app. dsmd. 9 N Y 2d 902). What remains for decision at this time is whether her failure to exercise her statutory right of election also bars her from claiming a testamentary share under the provisions of decedent’s last will and testament. We think she may. The Avill provides as follows: 1 ‘ Second : In the event that Lucia Baldwin Collins survives me and in the event that it be determined that she has a right of election against or in absence of testamentary provision for her benefit in this my last Will and Testament, which I believe is not the case, and only in such events, I give, devise and bequeath to my Executors hereinafter named an amount equal to her share of my estate as in intestacy, as defined in Section 18 of the Decedent Estate Law, In Trust, nevertheless ”.
The courts beloAV have construed the language used and the reference to section 18 as not only establishing ‘ ‘ the quantum of the estate which the widoAV might receive, but also to condition its availability upon compliance with the statutory requirements ’ ’. As we read the controverted provision, it seems clear that the decedent intended to give respondent-appellant a life estate measured by a statutory share as in intestacy if, but only if, “it be determined that she has a right of election against or in absence of testamentary provision for her benefit”. When, in this connection, the testator used the Avoids 1 ‘ which I believe is not the case ”, it seems clear that (1) he did not regard the respondent as his lawful wife, but (2), if she were, *198 he gave her ‘‘ an amount equal to her share of my estate as in intestacy, as defined in Section 18 of the Decedent Estate Law, In Trust, nevertheless
While it would be easy to say that this testator was so embittered with the respondent-appellant that he did not want her to share in his estate, he nonetheless recognized that if their marriage was held to be lawful then his estate would be automatically burdened for her benefit to the extent that the law allowed a widow to share. It was with this in mind that he drew his will as he did with the quite obvious intention of reducing respondent-appellant’s share as a widow to a statutory minimum. This — like any other problem of testamentary intent — must be resolved by giving effect to the will as it is written. As we read the language, it does not say that the bequest was conditioned on a determination that she had exercised her right of election but, rather, that the bequest was conditioned on a determination ‘1 that she has a right of election ’ ’, There is, of course, an obvious and crucial difference between having a right and exercising that right. Indeed, the statute itself quite explicitly makes a distinction between the “ right of election ” and the exercise of the right of election for it provides that ‘ ‘ a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section ” (§ 18, subd. 1) and the cases consistently hold that a spouse who has failed to “ exercise ” her “ right of election ”, as directed by the statute, is barred from taking against or in the absence of a testamentary provision (Matter of Brookes, 9 N Y 2d 840, affg. 9 A D 2d 927; Matter of Picone, 199 Misc. 1039, affd. 279 App. Div. 787). To say — as a majority in the Appellate Division have said — that testator intended that respondent-appellant would not receive the bequest unless she had exercised her right of election is to ignore the very words chosen by the testator. In fact, the majority in the Appellate Division read into the will a condition (exercise of the right of election) of which there is in said will absolutely no indication. Such a construction would have the anomalous effect of depriving the widow of any interest in the decedent’s estate whatsoever. As we know, provisions in wills tending to defeat estates are construed strictly, and are not so interpreted as to work a *199 forfeiture unless the testator’s overriding intention is unmistakably clear (Robinson v. Martin, 200 N. Y. 159, 167-168; Matter of Rosenthal, 307 N. Y. 715; Matter of Campbell, 307 N. Y. 29; 5 Page, Wills [Bowe-Parker rev.], § 44.3). Here, there is no doubt to resolve. The testator could have conditioned the bequest on respondent-appellant’s exercise of her right of election. But since he chose to condition that bequest solely on the determination that respondent-appellant have a right of election, the courts must enforce the will as written.
The circumstance that respondent-appellant did not actually exercise her right of election precludes her from taking against the will but does not defeat her rights under the will (see Matter of Uhlfelder, 12 N Y 2d 965; Matter of Fischer, 307 N. Y. 149 ; Matter of Halpern, 303 N. Y. 33; Matter of Clark, 275 N. Y. 1).
Having met the requirements set forth by the testator in his will, respondent-appellant is entitled to take under the second paragraph of the will.
Clearly, it is within the discretion of the Surrogate to allow or refuse to allow counsel fees (Surrogate’s C't. Act, § 278). Nevertheless, in view of the fact that we are modifying the order appealed from, respondent-appellant’s attorney ought to be able to make a new application for counsel fees when the Surrogate enters a decree conforming with our opinion herein.
The order appealed from should be modified so as to provide that the widow’s failure to file an election to take against the will pursuant to section 18 of the Decedent Estate Law does not bar her from taking a testamentary share as provided in decedent’s last will and testament, and the order, as so modified, is otherwise affirmed, with costs in this court and in the Appellate Division to all parties payable out of the estate.