Millard L. Midonick, S.
The testatrix died on January 2, 1972 and her will was admitted to probate on January 27, 1972. Article third of the will created a trust for the benefit of the daughter of the testatrix with the remainder passing upon the beneficiary’s death to her three named children, if living. This article also provided a substitutionary gift to be effective in *207 respect of the remainder share of a child if such child should die prior to the termination of the trust.
By written instrument dated February 10,1972 the beneficiary of the trust renounced her right to trust income and caused such renunciation to be duly filed on February 25,1972.
EPTL 3-3.10, enacted by the Laws of 1971 became effective on November 3, 1971. That statute provides that, unless a testator has otherwise provided, the filing of a renunciation has the same effect with respect to the renounced interest as though the renouncing party had predeceased the testator. This will contains no provision governing a possible renunciation of a testamentary interest.
The leading decision as to the operation and effect of a testamentary trust provision in the event of the failure of the trust income beneficiary to survive the testator is Matter of Fordham (235 N. Y. 384). In that opinion the court said (p. 387): “ An ulterior limitation ‘ upon ’ the death of another who is given an estate for life, will not, in general, be defeated by the lapse of the particular estate through the death of the life tenant before the will can take effect. This is so though the language of the gift, if literally construed, may make the remainder contingent upon succession in the order named (U. S. Trust Co. v. Hogencamp, 191 N. Y. 281; Williams v. Jones, 166 N. Y. 522, 536; Norris v. Beyea, 13 N. Y. 273, 287; 2 Jarman on Wills [6th English ed.], p. 1373). The gift before us is to be read in submission to that rule. When the testatrix said that ‘ upon ’ the death of Allan, the residuary estate was to go to the members of a class, she certainly did not mean that it was to go to them ‘ upon ’ his death, if his death occurred before her own. She understood that her will would take effect when she died, and not before. ‘ Upon the death of Allan ’ means, therefore, upon the termination of the life estate bequeathed to Allan. If he died during her lifetime, the remainders would be accelerated; they would not be destroyed.”
The will of the testatrix was executed on December 20, 1967 and she died on January 2, 1972. EPTL 3-3.10 went into effect on November 3,1971. The text of the statute contains no specification as to its applicability to wills drawn before or after the statute’s effective date and neither does the statute make reference to the date of death of the testator. Were the statute to operate retroactively upon the estates of persons who had died prior to the statute’s effective date, a question of unconstitutional deprivation of property rights could arise inasmuch as upon the death of a testator persons benefiting under his will acquire property rights which are immune from legislative *208 attack even though such rights be merely contingent in character (Matter of Lansing, 182 N. Y. 238, 248). However, it is the prerogative of the Legislature to prospectively dictate the distribution of property in intestacy (Labine v. Vincent, 401 U. S. 532) and to control the power of testamentary disposition (Irving Trust Co. v. Day, 314 U. S. 556; Riggs v. Del Drago, 317 U. S. 95; Fisher v. Fisher, 253 N. Y. 260, 263). Because the right to dispose of property by will is acquired only by statute, legislation may affect wills executed prior to the effective date of a statute (Matter of Goldberg, 275 N. Y. 186). A will is an ambulatory instrument, and, as it speaks from the date of death and not from its date of execution, no property right vests upon the instrument’s execution (Matter of Goldberg, supra).
In this estate the death of the testatrix occurred subsequent to the effective date of EPTL 3-3.10 and no issue as to the constitutionality of the statute in its application to this will exists. The statutory provisions are that the renunciation of a testamentary interest is the equivalent of the death of the renouncing person prior to the death of the testator and such renunciation is retroactive to the date of the testator’s death. The language of the statute renders the rule enunciated in Matter of Fordham (235 N. Y. 384, supra) applicable to this will. The effect of the renunciation was to terminate the life estate as of the date of the death of the testatrix. Accordingly, it is held that the principal sum otherwise allocable to the trust is payable to the persons entitled to the next eventual estate, namely, the three identified children of the income beneficiary.