Laurence D. Wood, S.
This is a determination relating to the proper payment of the $1,000 amount of the residuary estate of Abe Cooper renounced by Lillian Marley on December 14, 1972, as well as income, both present and future, earned on the renounced amount. Abe Cooper died a resident of Syracuse, New York on April 19, 1972, leaving a will dated June 5, 1964 and a codicil dated September 26,1969 which were duly admitted to probate in this court on July 5, 1972. On the same day, letters testamentary and letters of trusteeship of the trust created under paragraph fourteenth of the will were issued to Lillian Marley, Helen Harwood and Marine Midland-Bank Northern (formerly and referred to in the will as The Northern New York Trust Company).
Under paragraph fourteenth of his will, the decedent left certain shares of his residuary estate outright to his daughters, Lillian Marley and Helen Harwood, and other shares to his trustees, in trust for his grandchildren, Susan Marley Newhouse, Nancy Marley Bronsteen, John Randall Harwood, and Wendy M. Harwood, all of whom survived the decedent and are still living.
*905 On December 14, 1972, Lillian Marley renounced in writing $1,000 of her residuary bequest. This renunciation of a portion of her testate share was made in accordance with the provisions of EPTL 3-3.10. The renunciation was filed in the office of the * Surrogate of Onondaga County on March 1, 1973 and notice of the renunciation was served on the executors’, trustees, and all other interested parties on March 2, 1973.
A determination has been requested as to whether the renounced share of $1,000, as well as income, both present and future, earned on such renounced share, should be paid to Susan Marley Newhouse and to Nancy Marley Bronsteen, and if so, whether it should be paid to the trustees of the trusts created for their benefit under paragraph fourteenth (c) and (d) of the will, to be held in accordance with the provisions of such trusts, or whether it should be paid outright to them.
EPTL 3-3.10, enacted by the Laws of 1971 became effective on November 3, 1971. Subdivision (c) thereof provides as follows: “ Unless the testator * * *• has otherwise provided, the filing of a renunciation, as provided in this section, has the same effect with respect to the renounced interest as though the renouncing person had predeceased the testator The decedent’s will does not contain any provision relating to a possible renunciation of a testamentary bequest.
EPTL 3-3.10 became effective subsequent to the execution of the decedent’s will and codicil and prior to the decedent’s death. The question as to the applicability of the statute to such a will has been considered in Matter of Schloessinger (70 Misc 2d 206 [Sur. Ct., N. Y. County, June 12, 1972]). In that opinion, the court said (pp. 207-208): “ The text of the statute contains no specification as to its applicability to wills drawn before or after the statute’s effective date and neither does the statute make reference to the date of death of the testator. Were the statute to operate retroactively upon the estates of persons who had died prior to the statute’s effective date, a question of unconstitutional deprivation of property rights could arise inasmuch as upon the death of a testator persons benefiting under his will acquire property rights which are immune from legislative attack even though such rights be merely contingent in character (Matter of Lansing, 182 N. Y. 238, 248). However, it is the prerogative of the Legislature to prospectively dictate the distribution of property in intestacy (Labine v. Vincent, 401 U. S. 532) and to control the power of testamentary disposition (Irving Trust Co. v. Day, 314 U. S. 556; Riggs v. Del Drago, 317 U. S. 95; Fisher v. Fisher, 253 N. Y. 260, 263). *906 Because the right to dispose of property by will is acquired only by statute, legislation may affect wills executed prior to the effective date of a statute (Matter of Goldberg, 275 N. Y. 186). A will is an ambulatory instrument, and, as it speaks from the date of death and not from its date of execution, no property right vests upon the instrument’s execution (Matter of Goldberg, supra).”
Since the renunciation is valid in accordance with EPTL 3-3.10 and since the statute does apply to the decedent’s will, the ultimate question now becomes the proper disposition of the renounced amount. The statute treats the renouncing person as having predeceased the' testator, and in this case, the decedent’s will does not provide for the renunciation of a testate interest, or for the payment of a testamentary share of the residue in the event.the decedent’s daughters predeceased him.
EPTL 3-3.3 (subd. [a], par. [1]) provides “ Whenever a testamentary disposition is made to the issue * * * óf the testator and such beneficiary dies during the lifetime of the testator leaving issue surviving such testator, such disposition does not lapse but vests in such surviving issue, per stirpes.”
Under the “ renunciation statute ” an effective renunciation is treated as if the renouncing person had predeceased the testator. If the renouncing daughter had actually predeceased the decedent, her bequest would not have lapsed but would have vested in her surviving daughters equally in accordance with the ‘ ‘ antilapse statute ’ ’. Thus, in following the literal language of the “ renunciation statute ”, the renounced legacy must pass as if Lillian Harley had actually predeceased her father. Accordingly, it is held that the renounced amount of $1,000, as well as income, both present and future, earned on such renounced amount should be paid $500 to Susan Harley New-house and $500 to Nancy Harley Bronsteen.
As to the seqond part of the requested determination, it is held that the renounced amount be paid outright and not be paid to the trustees of. the trusts created for the benefit of Susan Harley Newhouse and Nancy Harley Bronsteen under paragraph fourteenth (c) and (d) of the will. The fact that the $1,000 renounced legacy has been found to pass in accordance with EPTL 3-3.3 takes it out of the provisions of the will relating to the bequests to Susan Harley Newhouse and Nancy Harley Bronsteen. Since the bequest to Lillian Harley was an outright bequest, the renounced amount should also pass outright equally to Susan Harley Newhouse and Nancy Harley Bronsteen.