OPINION OF THE COURT
Millard L. Midonick, S.
This application seeks to construe clauses fifth and sixth of decedent’s will as affected by the renunciation of two of the residuary legatees of their life interest in residuary trusts created therein.
Clause fifth of decedent’s will created three separate residuary trusts in favor of a niece, Jane M. Field, and two nephews, William R Mayer and John E. Mayer, each to receive the income from their trust for life, with a gift over to the respective issue of such niece or nephew should any of them predecease the testatrix. If said niece or nephew should predecease the testatrix and leave no issue surviving, that portion would be added proportionately to the other portions that effectively pass.
Clause sixth of decedent’s will provides that upon the death of the named income beneficiary, the corpus of that trust passes to his issue surviving him. If the named niece or nephew is not survived by issue, the corpus is then to be *618 distributed among the surviving niece and a nephew, or their issue.
Timely renunciations were filed by Jane Field and William Mayer of their income interests in the residuary trusts.
The question presented is whether the timely renunciations by Jane Field and William Mayer cause the remainder interests of their income trusts to accelerate and thereby vest in possession in their issue at this time.
EPTL 3-3.10 is the applicable statute governing renunciations and their effect upon testamentary dispositions. EPTL 3-3.10 (subd [c]) provides that: "Unless the testator or donee of a power has otherwise provided, the filing of a renunciation, as provided in this section, has the same effect with respect to the renounced interest as though the renouncing person had predeceased the testator or donee as the case may be”.
The testatrix did not provide otherwise in her will. Thus we are left with a problem of statutory construction that has troubled the courts of this State since EPTL 3-3.10 first became effective.
In Matter of Schloessinger (70 Misc 2d 206), I held that a renunciation by the income beneficiary of a testamentary trust caused the principal to vest immediately in the three named remaindermen. (Cf. Matter of Fordham, 235 NY 384.) This construction of EPTL 3-3.10 (subd [c]) has been followed consistently in this county although some of my brother Surrogates have held otherwise. (See, e.g., Matter of Dexter, 75 Misc 2d 239; Matter of Sheldon, NYLJ, Jan. 3, 1977, p 12, col 4.)
Any doubt as to the effect of renunciation on remainder interests has now been resolved by act of the Legislature in the 1977 session. Chapter 861 of the Laws of 1977 amends the EPTL by repealing EPTL 3-3.10 and adding EPTL 2-1.11 in its place. EPTL 2-1.11 (subd [d]) provides, in pertinent part, that the renunciation "shall have the effect of accelerating the possession and enjoyment of subsequent interests”.
When the petition was filed, the new provision was not in effect. The clear legislative mandate confirms consistent rulings of the court on this issue. While this new legislation is substantive in nature, rather than procedural, the consistent "common law” position of this court controls to the same effect. (Matter of Schloessinger, supra.) For a detailed discus *619 sion of the relevant cases and statutes, see my recent decision, Matter of Chadbourne (92 Misc 2d 648).
While the unborn potential issue who are thus cut off are unrepresented by guardians ad litem, such guardians might merely seek, vainly, to change established doctrine. The parties vigorously urge that no guardianship expense be needlessly incurred merely to establish jurisdiction over such potential unborns. The court accedes to the position of those renouncing who prefer to assume the virtually nonexistent risk of liability to unborns.
Accordingly, it is the ruling of this court that the effect of the renunciations is as though the beneficiaries had predeceased the testatrix and the distribution of one third of the residuary estate may be made to the issue of Jane Field who survived the testatrix, and one third to the issue of William Mayer who survived the testatrix.