■ In the Matter of the Estate of JOHN L. EDWARDS, Deceased. STATE BANK OF ALBANY, Respondent; CHRIST EPISCOPAL CHURCH OF HUDSON, Appellant; WORCESTER ACADEMY et al., Respondents. — Appeal from a decree of the Surrogate's Court of Columbia County (Oberwager, S.), entered April 13, 1981, which construed the will of John L. Edwards, holding that respondent Worcester Academy was not disqualified from receiving the trust income bequeathed to it by the terms of said will. The State Bank of Albany, trustee of a trust established under the will of John L. Edwards, initiated a proceeding seeking construction of a clause of the will. The clause at issue contained the following residuary disposition: "7. Commencing two years after the date of my death, [the testamentary trustee is] to pay over the net income from the Trust established by this Will, not needed for the annuities and other payments from income provided for above, and subject to the conditions hereinafter set forth, in semi-annual installments to the Worcester Academy, Worcester, Massachusetts, so long as the said Worcester Academy continues to be operated as a boys preparatory school, preparing boys for college entrance. In case the said Worcester Academy ceases to be operated as a preparatory school for boys, it shall thereupon become disqualified as a beneficiary and recipient of such income and payment of such income shall thereupon cease and terminate." The will provides also for successor, alternative charitable beneficiaries of the trust income, which are subject to disqualification upon certain specified conditions. If all the charitable beneficiaries fail, the trust income is to be paid to a charitable institution in Columbia County to be selected by the trustee, subject to approval by the Surrogate's Court. The facts of the matter are undisputed. When the will was executed and admitted to probate and the trust was thereby established, Worcester Academy was a preparatory school for boys only. Subsequently, it began admitting girls. The question presented to the Surrogate was whether the academy was barred from receiving the trust income because it had become coeducational after the trust vested. The Surrogate found that the clause at issue was clear in its meaning and, in the absence of

ambiguous, conflicting, inconsistent or contradictory provisions in other portions of the will, its clear meaning would be given full import. The court continued the Worcester Academy as beneficiary of the trust and declined to read into the will a requirement that the academy remain strictly a school for boys in order to qualify as beneficiary. Christ Episcopal Church of Hudson, N. Y., the second alternate beneficiary of the trust moneys, contends that the testamentary gift to the academy terminated when the institution became coeducational. We disagree. The paramount rule of testamentary construction is that the intention of the testator must be gleaned from the express language of the will (*Matter of Jones,* 38 NY2d 189; 64 NY Jur, Wills, § 558, p 632). The language of the will indicates that the testator intended that the moneys go to the academy as long as it prepares boys for college entrance. This function continues to be fulfilled. Further, we find no other language elsewhere in the document which would indicate an intent to disqualify the academy. The will was drafted at the instruction of an obviously intelligent and sophisticated testator who was precise and definite in expressing his intentions. Had he wished to qualify his bequest by use of language such as "solely" or "only", we would expect to find such limiting language in the will. We note too that New York courts are cautious in divesting a named beneficiary (*Matter of Collins,* 13 NY2d 194). We conclude then that the express terms of the will support the continued qualification of the Worcester Academy as income beneficiary (see *Matter of Goehringer,* 69 Misc 2d 145). Decree affirmed, without costs. Kane, Main, Mikoll and Weiss, JJ., concur.

Mahoney, P. J., dissents and votes to reverse in the following memorandum. Mahoney, P. J. (dissenting). I cannot agree with the majority's conclusion that it was not the testator's intention to terminate the bequest to Worcester Academy upon its becoming a coeducational preparatory school. In my view, this is precisely the event which the testator contemplated when he conditioned the school's receipt of the trust's net income upon its continuation as a preparatory school for boys. The disputed provision in the testator's will conditioned the bequest to the school in two separate sentences. First, it provided that the net income of the testamentary trust continue to be paid to Worcester Academy "so long as the [school] continues to be operated as a boys preparatory school, preparing boys for college entrance." Second, the will provided that Worcester Academy would become disqualified as a beneficiary and that the payment of the trust's net income to it would stop "[i]n case the [school] ceases to be operated as a preparatory school for boys". Thus, while it might be accurate to state that Worcester Academy continued "preparing boys for college entrance" even after the school began admitting girls in 1974, it strains the ordinary meaning attached to the words to say that the school continued to be "operated as a preparatory school for boys". Unlike the phrase "preparing boys for college entrance", which describes but a single activity of the school, the phrase "operated as a preparatory school for boys" describes the essential characteristic for which the school is recognized. If, as the majority holds, Worcester Academy can accurately be labeled a boys' preparatory school simply because some of the students it prepares for college are boys, then the State University of New York at Albany could be called a men's college because it admits men or a teachers' college because it has an education program. Thus, by using a phrase which attempts to describe the very essence of Worcester Academy's existence, i.e., "operated as a preparatory school for boys", there was no need for the testator to further limit the phrase by use of words such as "solely" or "only" as suggested by the majority. Assuming that the testator did not want to terminate the bequest to Worcester Academy upon its becoming a coeducational school, only three other possibilities exist to

explain the condition subsequent imposed in the will. It could be argued that the testator intended to disqualify the school upon the dissolution of Worcester Academy as a legal entity. Such an intention is inconsistent with language found elsewhere in the will's disputed provision wherein alternate beneficiaries are specifically disqualified, if, at the time they become eligible to take, they are "not at that time in existence." Another possible construction of the disputed provision is that the testator intended to disqualify Worcester Academy in the event that it ceased operation as a preparatory school, without regard to the sexual composition of its student body. The use by the testator of the word "boys" to qualify each use of the phrase "preparatory school" would be meaningless if that were the intent. Had the testator not considered the sexual composition of the school's student body as a determinative factor in conditioning his bequest, it is highly unlikely that he would have used the word "boys" as he did. Finally, it is possible that the testator's sole concern was that Worcester Academy continue to prepare boys for college, and that it did not matter to the testator that girls might also be trained in a coeducational environment. If this was the intent, the school would become disqualified only if it stopped admitting boys altogether and became a girls' preparatory school. Upon examination of the will in its entirety, there is nothing to suggest that this possibility was the situation being guarded against by the testator's conditional bequest. The Surrogate was in error, therefore, for not finding that Worcester Academy became disqualified as a beneficiary when it began admitting girls to the school. I would thus reverse the decree and remand the matter to the Surrogate's Court for a hearing to determine which of the alternate beneficiaries is now entitled to the net income of the trust.