■ In the Matter of MARINE MIDLAND BANK, N. A., as Successor to MARINE MIDLAND BANK CHAUTAUQUA, N. A., as Trustee under a Trust Created by LILLIAN G. LOCKWOOD, Deceased.—Decree modified on the law and as modified affirmed without costs in accordance with the following memorandum: Lillian G. Lockwood died in 1975 survived by three children, Jean, Betty and George, and 10 grandchildren. Another child, Thomas, predeceased her. After making specific bequests of $1,000 to her sister-in-law and to each grandchild, Lillian's will divided the residue of her estate into three parts: one third to Jean, one third to Betty and one third in trust to George for his life. Paragraph "SEVENTH" of the will, the subject of this will construction proceeding, provided for disposition of the trust remainder as follows: "Upon the death of my said son, I direct my said trustee to pay the funeral expenses, and pay the balance of the principal and corpus remaining in its hands over to my said daughters, JEAN LOCKWOOD LANDRIGAN and BETTY LOCKWOOD OLMSTED, in equal shares, share and share alike, absolutely, or if one be dead to the survivor, absolutely." Jean and Betty died in 1975 and 1984, respectively, both predeceasing George. All 10 grandchildren survive.

Upon the trustee's petition for construction of the "SEVENTH" paragraph, the Surrogate interpreted the will as requiring the remaindermen to survive the life beneficiary and thus held that the death of Jean and Betty before that of George caused the bequests of the remainder interest to lapse. Consequently, the court ordered that the trust remainder be distributed in intestacy to Lillian's issue, per stirpes, specifically, one quarter each to the estates of Jean, Betty and George and one quarter to be shared by the children of Thomas. Betty's estate appeals.

We hold that the remainder interests vested in the remaindermen at the death of the testatrix subject to divestment of the first remainderman to die in the event that only one

remainderman survived the life beneficiary. This interpretation is supported by the constructional preference which favors the early vesting of a future interest where the gift is to a named individual *(see, Matter of Larkin,* 9 NY2d 88, 93; *Matter of Krooss,* 302 NY 424, 427-428), as well as the rule of construction disfavoring defeasance of vested interests except where the will contains an express defeasance or substitutionary clause *(see, Matter of Campbell,* 307 NY 29, 33; *Matter of Krooss, supra,* at 428-431). The cases require a clear expression of intent before a bequest will be interpreted as having lapsed or having been divested *(see, Matter of Krooss, supra; Matter of Brahaney,* 117 Misc 2d 46, *affd* 103 AD2d 1002). The testatrix' will did not contain an express divesting condition or substitutionary bequest in the event that both remaindermen predeceased the life beneficiary. Instead, the will expressed a limited survivorship condition which related to survivorship between the remaindermen, provided for divestment of only the first remainderman to die, and operated only in the event that one remainderman, and not the other, predeceased the life tenant *(cf., Matter of Campbell, supra,* at 33-34; *Matter of Krooss, supra,* at 427-428). This construction is also supported by the testatrix' use of the word "absolutely", which must be read as evincing the grantor's intent not to delimit the estate by any condition of defeasance other than the death of only one remainderman before the life tenant. Finally, this interpretation is supported by the rule of construction disfavoring intestacy or partial intestacy *(Matter of Fabbri,* 2 NY2d 236, 243). The effect of our construction is to divide the remainder equally between the estates of Betty and Jean. Since both predeceased the life tenant, the divesting condition established by the testatrix, death of one remainderman and not the other at the termination of the life estate never arose. We, therefore, modify the "second", "third" and "ninth" decretal paragraphs to order disposition of one-half interests in the remainder to Jean's and Betty's estates. Nothing in our decision nullifies the effect of the agreement entered into between the estates of Betty and Jean.

All concur, except Callahan, J. P., and Green, J., who dissent and vote to affirm, in the following memorandum.

Callahan, J. P., and Green, J. (dissenting). We cannot concur in the decision to reverse and award the remainder interest to the estates of Betty Lockwood Olmsted and Jean Lockwood Landrigan. In our view, such a construction strains the language and intent of paragraph "seventh" of the testatrix' will. "[T]he prime consideration of all construction pro-

ceedings is the intention of the testator as expressed in the will" *(Matter of Larkin,* 9 NY2d 88, 91), and where the language of the will or any part of it is clear, other rules of construction are inapplicable *(Matter of Johnson,* 32 AD2d 239, 243, *affd* 26 NY2d 858). In such case, the testamentary intent must be ascertained in the language of the will as written *(Matter of Jones,* 38 NY2d 189, 193; *Matter of Collins,* 13 NY2d 194, 198). The residuary bequest in this will: "Upon the death of may said son, I direct my said trustee to pay the funeral expenses, and pay the balance of the principal and corpus remaining in its hands over to my said daughters, JEAN LOCKWOOD LANDRIGAN and BETTY LOCKWOOD OLMSTED, in equal shares, share and share alike, absolutely, or if one be dead, to the survivor, absolutely", clearly and unambiguously expresses the testatrix' intention.

We agree that where there is a devise to one person and in the case of his death to another, the provision is to be construed as referring to death during the lifetime of the testator. However, this has no application where the first devisee takes a life estate *(Matter of Gulbenkian,* 9 NY2d 363, 369; *Matter of Gautier,* 3 NY2d 502, 508). Thus, the interest of the two daughters who predeceased the life estate did not vest at the death of the testatrix. Clearly, the testatrix conditioned the bequest of her residuary estate upon survivorship intended to benefit a living sister or sisters. The Surrogate properly held that there being no living sisters upon the death of the life estate, the residuary devised to the two sisters lapsed and passed by intestacy. It is clearly the intent of the testatrix here that the gift to the named remaindermen is conditioned upon both or one of them surviving termination of the trust. As neither remainderman survived the termination of the trust, the fund must be distributed as intestate property *(In re Weiland's Estate,* 143 NYS2d 152, *affd* 1 AD2d 884, *affd* 1 NY2d 907). (Appeal from decree of Chautauqua County Surrogate's Court, Cass, S.—will construction.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.