In the Matter of the Estate of ELSA A. VAINIO, Deceased. IDA V. WHITE, as Executrix of ELSA A. VAINIO, Deceased, Petitioner; VAINO VAINIO, Appellant, and SUSIE LODINSKY et al., Respondents.

Third Department, March 18, 1993

APPEARANCES OF COUNSEL

*True, Walsh & Miller,* Ithaca *(John Moss Hinchcliff* of counsel), for appellant.

*Stewart E. McDivitt,* Watkins Glen, for Susie Lodinsky, respondent.

## OPINION OF THE COURT

CREW III, J.

On December 22, 1989, Elsa A. Vainio (hereinafter decedent) died, survived by her two sons, respondent Rauli J. Vainio (hereinafter renouncer) and respondent Vaino Vainio (hereinafter Vainio). Paragraph FOURTH of decedent's last will and testament, executed on October 17, 1988, directed that one half of decedent's residuary estate be paid to Vainio and the other half be placed in trust for renouncer. Decedent appointed petitioner trustee and directed that she pay renouncer $100 per month for the remainder of his life. Upon renouncer's death, the trust proceeds were to be paid to Vainio or, if Vainio did not survive renouncer, to respondent Susie Lodinsky.

Renouncer subsequently renounced his interest in decedent's estate and petitioned for leave to file renunciation nunc pro tunc. Meanwhile petitioner, as executrix of decedent's estate, petitioned for a construction of paragraph FOURTH (B) of decedent's will. Following a hearing, Surrogate's Court determined, *inter alia,* that notwithstanding the valid renunciation, the trust set forth in paragraph FOURTH (B) of decedent's will must be established and that the disposition of the trust's remainder shall be determined upon the earliest death of renouncer, Vainio or Lodinsky. Vainio now appeals from so much of Surrogate's Court's order as directed that the trust be established and provided for the disposition of the trust's remainder.

At issue on appeal is whether a valid renunciation by renouncer accelerates the vesting of the trust's remainder in Vainio. Resolution of this issue depends, in turn, upon the construction given to the so-called limiting provision contained in EPTL 2-1.11 (d).

In accordance with EPTL 2-1.11 (d), "[u]nless the creator of the disposition has otherwise provided, the filing of a renunciation * * * has the same effect with respect to the renounced interest as though the renouncing person had predeceased the

creator or the decedent * * * and shall have the effect of accelerating the possession and enjoyment of subsequent interests, *but shall have no effect upon the vesting of a future estate which by the terms of the disposition is limited upon a preceding estate other than the renounced interest"* (emphasis supplied). This provision codifies the rule set down in *Matter of Schloessinger* (70 Misc 2d 206, 208; *see generally,* 3 Warren's Heaton, Surrogates' Courts § 226-B [2] [h] [6th ed]) and comports with the more modern view favoring the acceleration of contingent remainders where substantial justice may be accomplished *(see,* 9 Rohan, NY Civ Prac ¶ 2-1.11 [3] [g], at 2-624 —2-625).

Here, decedent did not "otherwise provide" and Vainio therefore argues that decedent's estate must be administered as if renouncer had predeceased her, thereby resulting in the acceleration of Vainio's interest in the trust's remainder. Lodinsky, on the other hand, contends that the limiting provision contained in EPTL 2-1.11 (d) prohibits this result. While the thrust of the limiting provision is by no means clear, it would appear that the statute prohibits the acceleration of contingent remainders only in circumstances where there are prior successive interests *(see,* 9 Rohan, NY Civ Prac ¶ 2-1.11 [3] [g], at 2-633—2-634). For example, if the subject disposition is limited to A for life, remainder to B and his heirs, but if B dies without issue, to the heirs of A, A cannot renounce and effectuate an acceleration in favor of his heirs because B's interest, although a vested remainder subject to being divested, constitutes a preceding interest with respect to the interest held by the heirs of A *(id.,* at 2-634). As applied here, a valid renunciation by renouncer could not accelerate the vesting of Lodinsky's contingent remainder because it is limited by a preceding estate, i.e., Vainio's *(see, ibid.).* With respect to Vainio's contingent remainder, however, there is no prior successive interest. It would therefore appear that the limiting provision does not apply under these circumstances and the valid renunciation accelerates the vesting of the trust's remainder in Vainio pursuant to the general provisions of EPTL 2-1.11 (d).

In reaching this result, we acknowledge that the limiting provision is subject to differing interpretations. We are of the view, however, that the interpretation adopted by this Court is not only consistent with the general policy favoring the early vesting of estates *(see generally, Matter of Lockwood,* 127 AD2d 973, 974; *Matter of Slade,* 79 Misc 2d 578), but also

accurately reflects decedent's intent. Reading decedent's will as a whole *(see generally, Matter of Sprinchorn,* 151 AD2d 27, 29), it is clear that her " 'dominant purpose or plan of distribution' " *(Matter of Larkin,* 9 NY2d 88, 91, quoting *Matter of Fabbri,* 2 NY2d 236, 240) was to benefit her sons, renouncer and Vainio, with the gift to Lodinsky effectuated only if renouncer and Vainio predeceased Lodinsky. We have examined the parties' remaining contentions and find them to be without merit.

YESAWICH JR., J. P., MAHONEY and HARVEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as construed paragraph FOURTH (B) of decedent's last will and testament as creating future interests of respondents Vaino Vainio and Susie Lodinsky subject to complete defeasance; paragraph FOURTH (B) is construed to accelerate the trust's remainder and vest said remainder in respondent Vaino Vainio; and, as so modified, affirmed.